UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| ANTHONY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:25-cv-01195-MMM |
| | ) |
| PEREZ, *et al.* | ) |
| | ) |
| Defendants. | ) |

### ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently incarcerated at Menard Correctional Center, asserts claims based on occurrences during his imprisonment at Pontiac Correctional Center.

A. <u>Motion to Request Counsel</u>

The Court undertakes a two-part inquiry: (1) whether the plaintiff made a reasonable attempt to obtain counsel or has been effectively precluded from doing so, and, if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir 2007).

Plaintiff has made reasonable efforts to find his own attorney.

Plaintiff suffers from mental illness. He is no longer at Pontiac, where the events occurred. Plaintiff's allegations include medical claims that include state of mind elements. The Court conditionally grants Plaintiff's motion. The pro bono coordinator will search for counsel for Plaintiff. Plaintiff remains responsible for all case deadlines

during the search for counsel since, unfortunately, many calls for volunteer lawyers do not result in an appointment of counsel.

B. Merit Review Order

The case is before the Court for a merit review of Plaintiff's complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff's complaint contains more detail than this summary order.

Plaintiff suffers from nerve damage and other serious medical conditions. He was handcuffed to a bench in the healthcare unit on March 22, 2022. After two to three hours in that position, which caused elevated pain levels, Plaintiff repeatedly asked Defendant Perez to move him to his cell where he could move. Perez initially ignored Plaintiff, then rushed over to Plaintiff, shoved him into the wall, and struck Plaintiff with closed fists. Plaintiff was handcuffed at the time and was not breaking any rules. Plaintiff suffered serious injuries to his mouth, head, shoulders, and spine, causing

much pain, and that required immediate attention. Perez stated he did this to Plaintiff because Plaintiff was talking too much.

Perez then ordered Plaintiff back to his cell and blocked Plaintiff from receiving medical care, even though it was obvious Plaintiff needed immediate medical attention.

Plaintiff filed a grievance against Perez about the above that same day. The next day Perez came to Plaintiff's cell and called Plaintiff a bitch. Perez then orchestrated Plaintiff being denied showers and yard time in retaliation for the grievance. Perez threw hot coffee on Plaintiff in retaliation for the grievance. Perez harassed Plaintiff and made threats of more problems unless Plaintiff stopped filing grievances.

Plaintiff's complaint states Eighth Amendment claims for excessive force and denial of medical care, and First Amendment claims for retaliation for engaging in protected speech.

IT IS THEREFORE ORDERED:

1. **Plaintiff's Petition to Proceed in Forma Pauperis [3] is GRANTED. Clerk to calculate initial partial filing fee and collect filing fee.**

2. **Plaintiff's Motion to Request Counsel [4] is conditionally GRANTED and the Clerk is directed to inform the Pro Bono Coordinator of this referral. Plaintiff remains responsible for all Court deadlines.**

3. **Plaintiff's Motion to Amend Exhibits [7] and Motion for Status [8] are MOOT.**

4. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states Eighth Amendment claims for excessive force and denial of medical care, and First Amendment claims for retaliation for engaging in protected speech. Any additional claims and parties shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown, or pursuant to Federal Rule of Civil Procedure 15.**

5. **This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

6. **The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

7. **With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.**

8. **The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.**

9. **This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of**

a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.

10. **Counsel for the defendants is hereby granted leave to depose the plaintiff. Counsel for the defendants shall arrange the time for the deposition.**

11. **The plaintiff shall immediately notify the court, in writing, of any change in mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.**

12. **The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

Entered this 25th day of November, 2025.

*s/Michael M. Mihm*
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE